# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1226V
Filed: November 2, 2018
Not for Publication

*************************************
SAMANTHA KRIEG,                    *
                                   *
        Petitioner,            *
                                   *
v.                                 *   Reasonable attorneys' fees and costs;
                                   *   Acute disseminated encephalomyelitis;
                                   *   Settlement.
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
        Respondent.            *
                                   *
*************************************

Diana L. Stadelnikas, Sarasota, FL, for petitioner.
Amy P. Kokot, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 29, 2016, Samantha Krieg ("petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that she suffered acute disseminated encephalomyelitis ("ADEM") as a result of her November 3, 2013 receipt of the influenza ("flu") vaccine.  Pet. at 1.

On June 18, 2018, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms.  Respondent denies that the flu vaccine caused or significantly aggravated petitioner's alleged injury or any other injury.  Nonetheless, the parties agreed to resolve this matter informally.  On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation.  Judgment

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

entered on June 27, 2018.

On September 12, 2018, petitioner filed a motion for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $21,782.60 and attorneys' costs of $1,168.80, for a total request of $22,951.40.  Fees App. at 1-2.  Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation.  Respondent reacted to the motion on September 26, 2018, indicating that he was "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Response at 2-3.  Petitioner filed a reply on the same day, reiterating her belief that the requested amount of fees and costs is reasonable.  Reply at 4.  The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).  Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Additionally, it is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services ... should be considered as normal overhead office costs included within the attorneys' fees rates"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees rates to be acceptable and in conformance to what other special masters have awarded Maglio Firm attorneys and paralegals.  However, a number of minor issues warrant an overall reduction to the total award.  First, the undersigned notes that a total of four different attorneys and thirteen different paralegals worked on this case in some capacity, despite this being a relatively straight-forward case which settled roughly 1.5 years after petitioner filed her petition.  Several of these individuals made exceedingly small overall contributions to this case – for example, paralegals Liya Mogese, Angel Rivera, Madison Foley, and Rosa Salgado all billed only 0.1 hours, while attorneys Amber Wilson and Altom Maglio billed for less than one hour combined.  Fees App. Ex. 9 at 20.  Unsurprisingly, a large amount

of time was ultimately billed on interoffice e-mails due to the large number of individuals working on this case.

Additionally, the undersigned notes several entries in which paralegals billed for administrative or clerical tasks. For example, one entry on November 10, 2016, has a paralegal billing 2.0 hours on "Review remaining medical records in preparation for attorney review." Fees App. Ex. 9 at 4.   It is unclear from the records what value is being added by reviewing records only in preparation for another person to review them, but such work is most properly classified as administrative.   Additionally, several entries contain a component of reviewing the electronic notice automatically generated by CMECF when a new document is filed by Petitioner, or for review of minute entries.   As experienced Vaccine Program attorneys are aware, these minute entry indications are roughly three sentences of boilerplate language automatically generated by CMECF and merely indicate that an event, such as a status conference, occurred.   Even billing the minimum 0.1 hours for review of such entries is, in the undersigned's experience, likely excessive.

For all of the above-mentioned reasons, the undersigned will reduce the total award of attorneys' fees by 5%, resulting in a total reduction of **$1,089.13**.   Thus, the total amount of attorneys' fees awarded to petitioner is **$20,693.47**.

The undersigned finds all of petitioner's requested costs to be reasonable. These costs consist of payment for medical records, postage, and the filing fee of this case. Fees App. Ex. 10 at 1. All of these costs are typical of Vaccine Program cases, and petitioner has provided adequate documentation for all costs. Accordingly, petitioner's requested costs shall be awarded in full.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.   The court awards **$21,862.27** (representing attorneys' fees in the amount of $20,693.47 and cost of $1,168.80) in the form of a check made payable jointly to petitioner and Maglio Christopher and Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 2, 2018                                    /s/ Laura D. Millman
                                                                         Laura D. Millman
                                                                         Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.